[Civ. No. 21493.    Second Dist., Div. Three.    Oct. 25, 1956.]

ANGELUS A. ALLEGRETTI, Appellant, v. THE BOARD OF OSTEOPATHIC EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

A. J. O'Connor and George J. Hider for Appellant.

J. Robert Meserve for Respondents.

SHINN, P. J.—We have for consideration an appeal of Angelus A. Allegretti from a judgment denying a writ of mandate annulling the action of The Board of Osteopathic Examiners of the State of California adjudging appellant guilty of violations of certain sections of the Business and Professions Code and suspending his license for the period of one year, also, suspending execution of said order for all but 60 days of said one-year period and placing him on probation for a period of two years upon certain specified conditions.

The charges were filed by an inspector of the board. The accusations were made on information and belief and were of a serious nature. It was charged (1) that during the years 1952 and 1953 petitioner carried a professional advertisement using the suffix "M.D." in the classified section of a Los Angeles telephone directory; (2) that between October 3, 1951 and September 29, 1952 he used the same term in contracts, correspondence, conversations, representations and business dealings with the West Valley Telephone Exchange and Secretarial Service, Reseda, California; (3) that for approximately one and a half years prior to January 1954 he used the suffix "M.D." in contracts, correspondence, conversations, representations and business dealings with the

manager, officers and staff of the Magnolia Park Hospital, Burbank, California, and (4) that for approximately two and a half years prior to March 1, 1954 he practiced his profession without having first registered his certificate with the county clerk of Los Angeles County.

In the course of the proceedings before the board and the court there was a failure to substantiate any of the charges except the first one which related to the improper listing of petitioner's name in the 1952 and 1953 directories. The other charges were dismissed. In the final hearing before the board petitioner was found guilty of the improper listing of his name as an "M.D." in the Los Angeles telephone directories in violations of section 2396 of the Business and Professions Code,[1] and the charge of failing to register his certificate with the county clerk (§ 2340) was disregarded, in accordance with findings the court had made in ordering a reconsideration by the board.

Allegretti petitioned for a writ of mandate, seeking to set aside and vacate the order of suspension after his petition for reconsideration was denied by the board, an alternative writ of mandate was issued, respondent made its return thereto and the matter was heard and submitted. The court concluded that petitioner was guilty of "a technical violation" of Charge (1) (using M.D.), and that he was not guilty of Charge (4) (failing to register his certificate). Judgment pursuant to such conclusions was made and entered, granting a peremptory writ of mandate ordering the board to vacate and set aside its decision and also requiring it to reconsider the matter of "penalty and disciplinary action against petitioner in the light of the court's findings of fact, conclusions of law and judgment" and to make a return thereon. Respondents' first return to the peremptory writ was ruled a nullity since petitioner had not received notice of the hearing at which the penalty and disciplinary action were reconsidered, and the matter was sent back to the respondent board for reconsideration. Respondents' second return to the writ alleged that notice was given petitioner, that the matter was fully argued by both sides, that after argument the board

---

[1] "Unless the holder of any certificate provided for in this chapter or any preceding medical practice act has been granted the degree of doctor of medicine after the completion of a full course of study as prescribed by an approved medical school in accordance with the provisions of this chapter, or any preceding medical practice act, the use of the term or suffix 'M.D.' constitutes unprofessional conduct within the meaning of this chapter."

fully considered the findings of fact, conclusions of law and judgments of the superior court; that Charge (4) (failing to file his certificate) was wholly excluded from consideration, and thereafter made its findings which again found appellant to be guilty of Charge (1) and ordered his suspension in accordance with its first order. Petitioner objected to said return. The court on October 28, 1955 filed its "Comment and Orders after Return of Respondent to Writ of Mandate" in which it found that respondents had complied with its orders in regard to said writ of mandate and discharged them from further duties in regard to said writ. Thereupon petitioner gave notice of appeal from said judgment and order of October 28, 1955.

Findings of the court were made January 19, 1955. So far as material to the points to be considered on the present appeal the findings of the court were as follows: "1. That Petitioner did not cause his name to be listed as an M.D. physician and surgeon in the classified section of the Contra Costa County Telephone Directory of June 1945.

"2. That the listing of the Petitioner as an M.D. physician and surgeon in the classified section of the Contra Costa County Telephone Directory of June 1945 was an error on the part of the telephone company, which petitioner corrected as promptly as practicable. [Findings 1 and 2 refer only to an item of evidence that was before the board, and not to the charges.]

"3. That the Petitioner did not sign an application for directory advertising as an M.D. physician and surgeon in the professional classified section of any telephone directory issued and distributed in the Los Angeles area by the Pacific Telephone and Telegraph Company during the years 1952 and 1953.

"4. That the listing of the Petitioner as an M.D. physician and surgeon in the professional advertising classified section of the telephone directory issued and distributed in the Los Angeles area by the Pacific Telephone and Telegraph Company during the years 1952 and 1953, as referred to in paragraph III of the Accusation here in question, was a mistake on the part of said telephone company.

"5. That the Petitioner in each of seventeen months prior to August 25, 1953 received a bill from the telephone company showing that he was charged a fee for 'directory advertising' and that he did not do anything to verify the charge or the listing or to cause the listing to be discontinued.

"6. That on August 25, 1953, about the time when petitioner learned of the listing of his name as M.D. physician and surgeon in the classified telephone directory, he gave his cancellation order by telephone to the telephone company, requiring the discontinuance of such listing."

The only relevant conclusion of law was the following:

"1. That Petitioner was negligent in not verifying and learning what directory advertising he was billed for in any of the 17 monthly billings mentioned in paragraph 5 of the Findings of Fact, and for which advertising he paid, and the union of the original mistake of the telephone company and the continuing negligence of Petitioner caused him to be guilty of at least a technical violation of the law as charged in Subdivision 1 of Paragraph III of the Accusation."

The court's "Comment and Orders after Return of Respondents to Writ of Mandate" stated that in the court's opinion the penalty imposed was far too severe "in the light of the facts found," but it also stated that "the Respondent Board and members thereof have complied at least technically with the orders of the court, and ought to be, and now are, discharged from any further duty in the matter." No other order or judgment was entered. By this order the court did not expressly affirm or annul the final order of the board. It merely allowed it to stand.

The final order of the court is deemed by the parties to be the final judgment. We think it should be so regarded. It was entered after the final decision of the board. The judgment first entered vacated the first order of the board. The peremptory writ required the board to make a return and it was contemplated that further judicial action would be taken. ▮ "The general rule applicable in determining whether a judgment is final or merely interlocutory, as deducible from the authorities, is that if anything further in the nature of judicial action on the part of the court is essential to the final determination of the rights of the parties the judgment is interlocutory." (28 Cal.Jur.2d 625.) The judgment which ordered issuance of a peremptory writ has been properly regarded by the parties as an interlocutory judgment.

Necessarily, the final order of the court must have findings on which to rest. The only findings were those we have mentioned and they form the basis for the final judgment. These must be examined in order to determine whether they are sufficient to dispose of the material issues in the trial to

the court and whether they are sufficient to justify a judgment affirming the order of the board.

■ Before entering upon a discussion of the findings and the evidence we should state what we believe to be the determinative factual issue. There is no doubt that petitioner was improperly listed in the telephone director as an "M.D." as found by the court. There was ample evidence to support the finding that the erroneous listing was the result of a mistake on the part of the telephone company. There was also evidence which the court could properly have believed that petitioner caused a cancellation of the listing on August 25, 1953 "about the time when petitioner learned of the listing of his name as an M.D. physician and surgeon." Petitioner paid an extra charge of 50 cents per month for directory advertising for a period of 17 months. The court found that he was negligent in not finding out what the charges were for or how his name was listed. This finding, as we shall see, was inconclusive. Petitioner could have been negligent in these respects and yet innocent of any wrongful intention. Upon the other hand the finding that he was negligent does not acquit him of having acted in bad faith and with ulterior motives.

The question is not merely whether petitioner had actual knowledge of the erroneous listing. It is rather the question whether he had reasonable cause to believe that his name was or might be incorrectly listed and refrained from making inquiry with the intention of taking advantage of the telephone company's mistake, if a mistake were being made. If his omission to make inquiry was wilful rather than innocent his lack of knowledge would be no defense to a charge that he made use of the suffix "M.D." The basic question, therefore, was whether his professed ignorance was the result of carelessness or culpability.

The court's finding Number 1 was as to an evidentiary matter. Petitioner was listed as an "M.D." in the Contra Costa directory in 1945. There was conflicting evidence as to whether he was responsible for the error. The court found that he was not. No doubt the purpose of the finding was to direct the board to disregard the Contra Costa incident in further consideration of the charges; otherwise the finding was of no significance.

Findings Numbers 2, 3 and 4 have support in the evidence. In the March 1952 telephone directory there appeared in the classified section under the heading "Physicians and Sur-

geons, M. D. Allegretti, A. 18121 Ventura, Tarzana, Dickens 3-8103—if no answer call Dickens 3-1901.'' In the white section appeared the following: ''Allegretti, A.A., Doctor, 4737 Havenhurst, Encino, State 4-7306.'' Immediately above there appeared ''Allegretti, A. Doctor, M.D. 18121 Ventura, Tarzana, Dickens, 3-8103.'' The same entries appeared in the March, 1953 directory. Petitioner first applied for the telephone service in question January 12, 1951. The application which he signed at that time was in evidence. At the time he signed it it read in part as follows: ''Allegretti, A. Dr.—No Des.—18221 Ventura Blvd. Tarz.'' The entry ''No Des.'' indicated that there was no entry to be made under any heading in the classified section of the directory. There was evidence that a clerk of the telephone company entered on the application under the heading ''Classified Heading and Code'' the following ''Physicians & Surgeons M.D. (771),'' the figures indicating the described classification. This entry by the clerk was in conflict with the entry ''No Des.'' and the mistake admittedly was that of the telephone company. Although there was a renewal for the listings for the year 1953 it was in evidence that the direction for renewal was received by telephone in response to inquiry by the company and that it was given by Mrs. Allegretti. There was no evidence of any record of the telephone company that had come to the attention of petitioner which stated that he was listed in the directory under an ''M.D.'' classification. Finding Number 5 is likewise supported by the evidence. With respect to finding Number 6 it was undisputed that about August 25, 1953, petitioner became advised as to the manner in which his name was listed and that he then caused the same to be discontinued. The implication of this finding is that petitioner had not learned of the erroneous listing until on or about August 25, 1953. There was sufficient evidence to warrant this implication.

From the penalty that was imposed it should be assumed that the board determined either that petitioner had actual knowledge of the improper listing of his name or that he had reason to believe that it might be improperly listed and wilfully and with dishonest motive refrained from making any inquiry. A decision adverse to petitioner on either of these alternatives would have been sufficient to warrant the finding of guilt and the imposition of a penalty. The court in effect found that petitioner had no actual knowledge but, as we have said, did not make a finding as to the alternative fact

which could have been found adversely to petitioner if the court had concluded that he had reasonable grounds for believing that his name might be improperly listed. The necessity for such a finding results from the fact that upon the evidence and the reasonable inferences this critical issue could have been decided in favor of petitioner or adversely to him.

It is not contended by respondent that a physician and surgeon can be subject to discipline for mere negligence. As applicable to physicians and surgeons there are in the Business and Professions Code some 26 specifications of acts which constitute unprofessional conduct. By their very nature they relate to acts intentionally performed and which would not be the consequence of mere negligence. We do not believe that the Legislature would denounce as unprofessional conduct the mere inaction of a physician and surgeon in suffering his name to be accidentally carried under an improper classification in the telephone directory when his only fault was the failure to discover a mistake on the part of the company. And we think it is beyond question that the members of the board found that petitioner's conduct was tainted with bad faith and that he was not merely careless. The findings of the court do not conform to the implied findings of the board, which latter would furnish the only basis for adjudication of petitioner's guilt and the imposition of a penalty.

We have discussed the evidence only to the extent thought necessary for a proper understanding of the findings from which the court concluded that petitioner was guilty of ''at least a technical violation of the law. . . .'' We are not concerned with the question whether the findings of the board were in accordance with the weight of the evidence. We do hold that the evidence before the court does not establish as a matter of law either that petitioner acted innocently or with ulterior motives. That is an issue that can only be determined from the evidence adduced upon a retrial and it will be the sole question for decision. If the finding is favorable to petitioner the judgment should be that the order of the board be annulled and the charges dismissed. If the finding is adverse to him the order should be affirmed.

The judgment is reversed.

Wood (Parker), J., concurred.

Vallée, J., dissented.