326 P.2d 506]

[L. A. No. 24698.   In Bank.   June 4, 1958.]

RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, etc., Respondent, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Appellant.

Edsel W. Haws, Senior Counsel, for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

SHENK, J.—The petitioner has moved to dismiss the appeal on the ground that the Alcoholic Beverage Control Appeals Board is not a party aggrieved by or entitled to appeal from the judgment.

The facts may be summarized as follows:

The application of Ronald C. Chaney for transfer of a liquor license disclosed a California arrest for assault but failed to mention the fact that he was subsequently arrested in Tennessee for larceny at the age of 18 or 19, and was sentenced to 60 days at a penal farm and a fine of $10. After a hearing, the Department of Alcoholic Beverage Control adopted the findings of its hearing officer to the effect that Chaney had misrepresented a material fact in his application and that the issuance of a license would be contrary to public welfare and morals.

Chaney appealed to the appeals board which determined that the findings did not support the decision denying a license, that there was no finding that Chaney knowingly or purposely omitted the fact of arrest in Tennessee, that the evidence would not support such a finding if made, that for all that appeared the omission was unintentional, resulting from an honest mistake or negligence, that the unintentional or careless failure to mention the arrest did not constitute

( 863 )

good cause for denial of a license, and that the arrest, which occurred about six years before, when Chaney was 19, was not of sufficient materiality to furnish a reasonable basis upon which to deny a license.

On application by the director for a writ of mandate or certiorari, the superior court found that a transfer of the license to Chaney would be contrary to public welfare and morals, that there was substantial evidence to support the department's finding that Chaney misrepresented a material fact, that the denial of a license was a proper exercise of discretion by the department and that the appeals board's decision was arbitrary and unreasonable. The ensuing judgment granted a writ of mandate directing the appeals board to set aside its decision and to render a new decision affirming the department's denial of a license. The appeals board has appealed from that judgment.

The Constitution authorizes the appeals board to review decisions of the department, and the board was acting under this authority when it heard Chaney's appeal. (Const., art. XX, § 22; see Bus. & Prof. Code, §§ 23084-23091.) As is true in *Koehn* v. *State Board of Equalization, ante,* p. 432 [326 P.2d 502], this day decided, the judgment commands the board to do something which it claims it is not legally required to do, and the effect of the judgment is a determination that, as a matter of law, the appeals board could properly act in only one way (affirmance) and that its contrary action was without or in excess of its jurisdiction. For the reasons stated in the Koehn case the appeals board is aggrieved by the judgment and entitled to appeal.

The motion to dismiss the appeal is denied.

Gibson, C. J., Carter, J., and Spence, J., concurred.

McComb, J., dissented.

Petitioner's application for a rehearing was denied July 2, 1958. Traynor, J., Schauer, J., and McComb, J., were of the opinion that the application should be granted.