[L. A. No. 24698.   In Bank.   June 2, 1959.]

THOMAS W. MARTIN, as Director of the Department of Alcoholic Beverage Control, Respondent, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Appellant; RONALD C. CHANEY, Real Party in Interest.

Edsel W. Haws, Chief Counsel, and Charles P. Just for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

SPENCE, J.—This is an appeal by the Alcoholic Beverage Control Appeals Board (hereinafter called the Appeals Board) from a judgment of the trial court granting a writ of mandate directing the Appeals Board to affirm the decision of the Department of Alcoholic Beverage Control (hereinafter called the Department) denying transfer of a general on-sale liquor license to Ronald C. Chaney (hereinafter called the applicant). The Appeals Board had reversed the decision of the Department, and a motion to dismiss its appeal from the judgment of the trial court was heretofore denied upon the ground that the Appeals Board "is aggrieved by the judgment and entitled to appeal." (*Munro* v. *Alcoholic Beverage Control Appeals Board*, 50 Cal.2d 863, 864 [326 P.2d 506].)

Several of the procedural questions arising under the 1954 amendment of article XX, section 22, of the Constitution have been recently determined by this court in *Martin* v. *Alcoholic Beverage Control Appeals Board, Sac. 7040, ante,* page 238 [340 P.2d 1]. Our discussion in that case of the broad discretionary powers vested in the Department and of the limited powers vested in the Appeals Board need not be repeated here. We therefore proceed directly to a statement of the factual background of this controversy.

The applicant filed an application and affidavit with the Department for the transfer of an on-sale general alcoholic beverage license. The affidavit form called for *"a full, true, and correct statement of all violations of any of the Penal Laws of the State of California or of any other State, or of the United States, for which he has been arrested, or of which he has been convicted, or to which he has pleaded guilty, or for which he has suffered imprisonment, payment of a fine, or the receiving of a suspended sentence or probation."* There followed the question: "Have you ever been arrested? —————— If the answer is 'yes' state below *in your own handwriting ANY and ALL arrests."* In response to this query, the applicant set forth his arrest in Hollywood in 1946 for a "fight," for which he had been placed on "probation"; but he failed to mention an arrest and conviction of larceny in 1949 in Memphis, Tennessee, for which he had served 60 days at a penal

farm and had been fined $10. An agent of the Department discovered this Tennessee conviction in the course of investigating the application, and the transfer was denied. The applicant petitioned for a hearing before the Department. After the hearing, the Department adopted the findings of the hearing officer reciting that ''petitioner failed to include or mention the [1949 Tennessee] arrest and conviction''; that petitioner thereby ''misrepresented a material fact on his application''; and that the ''issuance of the license would be contrary to public welfare and morals.''

The applicant appealed to the Appeals Board. The board determined, in accord with the applicant's contention, that the findings of the Department did not support the decision denying a license in that there was no finding that the applicant knowingly or purposely omitted the fact of arrest in Tennessee, the finding being that there was a failure to include or mention the arrest; that for all that appeared, the omission was unintentional, resulting from an honest mistake or negligence; that the evidence would not support such a finding had one been made; that upon questioning, the applicant openly and frankly admitted the arrest and fully disclosed all the circumstances surrounding it; that the applicant testified it was his belief that only arrests occurring in California were required to be listed, and had he understood the application more clearly, he would have listed the Tennessee arrest. The Appeals Board concluded that the unintentional or careless omission of the arrest did not constitute good cause under section 22 of article XX of the Constitution for denial of a license; and further, that the two arrests considered together were not of sufficient materiality to furnish a reasonable basis on which to deny a license. Accordingly, the Appeals Board reversed the decision of the Department.

The director of the Department then filed in the superior court a petition for a writ of mandate. The court found that there was substantial evidence to support the Department's finding that the applicant misrepresented a material fact on his application, and that the transfer of a license to him would be contrary to public welfare under section 22 of article XX of the Constitution; that the decision of the Department denying the transfer because of such misrepresentation constituted a proper exercise of the Department's discretion; that the decision of the Appeals Board was arbitrary in that it substituted its own discretion for that of the Department; that the Appeals Board incorrectly determined the issues and acted

"contrary to law" in the matter in that the findings of the hearing officer and the Department were supported by substantial evidence in the light of the whole record; and that the suppression by the applicant of the 1949 conviction constituted a good cause for denial of his application. The ensuing judgment granted a writ of mandate directing the Appeals Board to affirm the Department's denial of a license, and the Appeals Board has appealed from that judgment.

Basically, this controversy presents questions concerning the respective powers and functions of the Department and the Appeals Board similar to the questions presented in *Martin* v. *Alcoholic Beverage Control Appeals Board, supra, ante* page 238. Here, however, the Appeals Board purported to reverse the decision of the Department upon two separate grounds: (1) its determination that the findings of the Department did not support the Department's decision, and (2) its determination that the evidence would not sustain the necessary findings to support the Department's decision. The propriety of the Appeals Board's reversal therefore depends upon (1) whether the Department made a sufficient finding of the essential ultimate fact or facts; and (2) if so, whether there was substantial evidence before the Department to sustain such finding of the essential ultimate fact or facts.

Insofar as pertinent here, the above-mentioned 1954 amendment provides: "The department shall have the power, in its discretion, to deny, suspend or revoke any specific liquor license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude. . . ."; and that "Review by the board of a decision of the department shall be limited to the questions . . . whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record." In this connection, the Appeals Board calls our attention to section 11518 of the Government Code, which provides: "The decision [of the Department] shall be in writing and shall contain findings of fact, a determination of the issues presented and the penalty, if any. The findings may be stated in the language of the pleadings or by reference thereto. Copies of the decision shall be delivered to the parties personally or sent to them by registered mail."

The Appeals Board also cites certain cases dealing with the

sufficiency of findings in administrative proceedings involving the revocation, rather than the denial, of licenses. (*Allegretti* v. *Board of Osteopathic Examiners*, 145 Cal.App.2d 435 [302 P.2d 694]; *Jones* v. *Maloney*, 106 Cal.App.2d 80 [234 P.2d 666].) ■ The cited cases do not appear to be determinative, as there is a clear distinction between proceedings involving the revocation of an existing license and proceedings involving the denial of an application for a license. (*McDonough* v. *Goodcell*, 13 Cal.2d 741, 752-753 [91 P.2d 1035, 123 A.L.R. 1205].) Furthermore, *Jones* v. *Maloney, supra,* at page 90, quotes the liberal rules enunciated by this court in *Swars* v. *Council of City of Vallejo*, 33 Cal.2d 867 [206 P.2d 355], concerning the sufficiency of administrative findings. ■ In the Swars case, we said at page 872: "Although administrative findings must conform to the statutes governing the particular agency, they need not be stated with the formality required in judicial proceedings (*Meeker & Co.* v. *Lehigh Valley R. Co.*, 236 U.S. 412 [35 S.Ct. 328, 59 L.Ed. 644]; *Cantrell* v. *Board of Supervisors*, 87 Cal.App.2d 471 [197 P.2d 218]). ■ In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found (*Lindell Co.* v. *Board of Permit Appeals*, 23 Cal.2d 303, 323 [144 P.2d 4]; *Cantrell* v. *Board of Supervisors*, 87 Cal.App.2d 471, 479 [197 P.2d 218]; *North Side etc. Assn.* v. *County of Los Angeles*, 70 Cal.App.2d 598, 608 [161 P.2d 613]; *Bartholomae Oil Corp.* v. *Seager*, 35 Cal. App.2d 77, 80 [94 P.2d 614])."

■ As indicated in *Martin* v. *Alcoholic Beverage Control Appeals Board, Sac. 7040, supra, ante,* p. 238, it appears that ordinarily the ultimate fact for determination by the Department in passing upon an application for a license, or an application for the transfer of a license, is whether the granting "would be contrary to public welfare or morals." This is the issue mentioned in article XX, section 22, of the Constitution, and it is the issue presented by such application within the meaning of section 11518 of the Government Code. It follows that if the Department makes a finding that the granting of the application "would be contrary to public welfare," and there is substantial evidence to show "good cause" for such determination, then the finding of the Department must be sustained. In this connection, we make the following observations. ■ Strictly speaking, there are no "plead-

ings'' (Gov. Code, § 11518) in cases of applications for licenses similar to the ''pleadings'' in the nature of accusations in proceedings for revocation of licenses, where more specific allegations and findings might be required. █ Furthermore, the burden of proof may properly be placed upon the applicant in application proceedings but not in revocation proceedings.

█ From what has been said, we conclude that the Department made a sufficient finding of the only essential ultimate fact in the present case when it found that the granting of the application would be ''contrary to public welfare.'' That finding supports its decision. The question remains as to whether there was substantial evidence before the Department to support such finding of the essential ultimate fact; or in other words, whether there was substantial evidence to show ''good cause'' for the Department's determination. We have concluded that the trial court correctly determined that there was, and that the Appeals Board had erred in determining otherwise.

█ The following facts appear from the uncontradicted evidence: That the applicant had been arrested on a charge of larceny in Memphis, Tennessee, in 1949, had been convicted, and had served a sentence of 60 days therefor; that he had thereafter supported his application to the Department with an affidavit which called for a *''full, true and correct statement of all violations of any of the Penal Laws of the State of California or of any other State, or of the United States, for which he has been arrested, or of which he has been convicted, or to which he has pleaded guilty, or for which he has suffered imprisonment, payment of a fine, or the receiving of a suspended sentence or probation,''* and which affidavit form required in bold type that the applicant set forth in his own handwriting *''ANY and ALL arrests''*; and that the applicant set forth in said affidavit only a 1946 arrest in Hollywood for a ''fight'' and omitted any reference whatever to his arrest, conviction, sentence and imprisonment in Tennessee in 1949. It was upon this evidence that the hearing officer and the Department found that the applicant had ''misrepresented a material fact on his application'' and that the ''issuance of the license would be contrary to public welfare. . . .'' It seems clear that the foregoing evidence gave rise to a strong inference that the applicant had knowingly and intentionally omitted the more serious and more recent conviction in Tennessee, and we are of the opinion

that the Department was justified in believing this to be the fact.

The Appeals Board takes the position, however, that the Department's finding that the applicant "misrepresented a material fact on his application" was insufficient to support the Department's decision; that a finding that the applicant knowingly and intentionally omitted the Tennessee conviction was required; and that the evidence would not support a finding to that effect if such finding had been made by the Department. This position is untenable. As above indicated, we cannot agree that either the evidence or findings were insufficient. The burden of proof was on the applicant, and the Department was not bound to believe the applicant's weak explanation that "Well, I just thought it was a State license. I should have understood the application more plainly and I just didn't put it down." As stated by the hearing officer, "He seemed to remember something that happened before that time, three years prior to that time, and omitted a more severe penalty that he had been arrested for three years later. It is material, counsel. I can't agree with you that this is not a misrepresentation of a material fact." We therefore conclude that the Department did make the finding of the essential ultimate fact that the "issuance of the license would be contrary to public welfare," and that there was substantial evidence showing "good cause" for such determination. No further or more detailed findings were required under the circumstances. (See *Swars* v. *Council of City of Vallejo*, *supra*, 33 Cal.2d 867, 872.)

It follows that the Appeals Board erred and exceeded its jurisdiction in determining that the evidence and findings did not support the decision of the Department, and it further follows that the trial court properly directed the Appeals Board to affirm the decision of the Department.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.