[Civ. No. 6248.   Fourth Dist.   Dec. 14, 1959.]

EVA E. NEEL, Appellant, v. SAN ANTONIO COMMUNITY HOSPITAL (a Corporation) et al., Respondents.

Shaw & Barnett and Jess A. Barnett for Appellant.

Swing & Swing and Everett H. Swing for Respondents.

MONROE, J. pro tem.*—The plaintiff brought this action to recover damages for injuries received as a result of malpractice. She alleged in substance that while she was a patient

*Assigned by Chairman of Judicial Council.

in the defendant hospital the defendant Katherine Lenz, a nurse employed by the hospital, negligently put hydrochloric acid into the plaintiff's nose instead of nose drops, causing injury for which she sought general damages in the amount of $7,500 and special damages by way of medical expense and loss of earnings. The case was tried by the court without a jury, and resulted in a judgment in favor of plaintiff in the amount of $700. Plaintiff's motion for new trial was denied and plaintiff appeals.

Plaintiff's main contention is that the damages awarded are inadequate and that the evidence in that regard is insufficient to sustain the judgment.

There was considerable conflict in the testimony, particularly with regard to the question of damages. Medical evidence was introduced on behalf of the plaintiff to the effect that it was the opinion of a physician that sinusitis suffered by the plaintiff was a proximate result of burns received by her in the hospital and that the condition complained of persisted for many months. Without going into detail, it is sufficient to say that there is evidence in the record which would support a judgment in a considerably larger amount. ▮▮▮ This court, however, is not concerned with the weight of the testimony. That matter, and particularly with reference to the amount of damages, is one primarily addressed to the trial court.

▮▮▮ "Normally, the appellate court has no power to interfere except when the facts before it suggest passion, prejudice or corruption upon the part of the jury, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law." (*Gersick* v. *Shilling*, 97 Cal.App.2d 641, 645 [218 P.2d 583].)

▮▮▮ The evidence which supports the amount of judgment may be briefly stated as follows: The plaintiff was a woman who had suffered many physical ailments over a number of years previous. She was highly nervous. She had undergone considerable major surgery and was subject to allergic spells. A large portion of her stomach had been removed in prior surgery. She had suffered from sinusitis for about a year previous to the accident in question. The immediate reason for her hospitalization was on account of injuries received by falling down a flight of stairs.

Medication to be given to the plaintiff consisted, among other things, of privine nose drops, which was administered with a medicine dropper, two drops in each nostril. Other

medication consisted of a 10 per cent solution of hydrochloric acid, fifteen drops being taken in a glass of water with her meals, because of her stomach deficiencies. On the day in question, Mrs. Lenz used the medicine dropper from the bottle of hydrochloric acid to place the two drops in plaintiff's nostril. Whether the two drops consisted of the hydrochloric acid alone or were in part the prescribed medicine is not clear. In any event, the interior of plaintiff's nostril was burned. There is evidence by the testimony of physicians that the burn suffered by plaintiff was of minor character, that it would result in pain and discomfort for approximately two days, and that it produced or should produce no aftereffects whatever. Her attending physician testified that her stay in the hospital was prolonged for a period of two days because of the accident. There is evidence that the testimony of another physician upon which plaintiff largely relied was based to a considerable extent upon an incorrect history given by plaintiff as to her prior condition.

Without reviewing the testimony in greater detail, it becomes apparent that there was substantial evidence in the record which would have supported a judgment in a considerable less amount than that awarded. It is apparent that the trial court did not accept entirely the contentions of either party with respect to the amount of injury and damage. A review of the entire record indicates that the trial court gave careful attention to all of the testimony and reached his conclusion as to the amount of injury and damage as the result of an impartial consideration. There exists, therefore, no ground for disturbing the judgment of the trial court on the ground that it is inadequate.

The appellant presents the further contention that the findings of the trial court are conflicting and do not support the judgment. In view of the evidence received and the conclusions reached by the trial court as to the amount of damage, it would appear that the findings were carelessly drawn. After finding that the defendant negligently administered the hydrochloric acid, the court found that plaintiff received chemical burns, that she was injured in her health, strength and activity and suffered shock and injury to her nervous system. It was further found that she was required to employ physicians to treat and care for her injury and that as a result of her injury she was prevented from "fully attending" to her usual occupation for approximately four months. The court found that "by reason of the foregoing

injuries the plaintiff has been damaged in the sum of $700."

It is evident that some of the language contained in these findings would be consistent with a larger award of damages. On the other hand, the language of the findings in question is general. There is no specific finding as to the amount or extent of the disability, as to the time during which treatment was required, nor any specific finding as to the extent by which she was prevented from following her occupation. There is no finding that there was any loss of income by reason of disability occasioned by the burn. The only finding which would specifically indicate the extent of injury and damage is the finding that plaintiff was damaged in the extent of $700.

■ "It is a well established principle that whatever uncertainties may exist in the findings of the court are to be so resolved, if reasonably possible, to support the judgment rather than to defeat it." (*Enscle* v. *Jolley,* 188 Cal. 297, 302 [204 P. 1085].)

■ "And although minor inconsistencies, legal conclusions and evidentiary matters appear in the findings, they must be liberally construed and resolved in favor of upholding rather than of defeating the judgment." (*Woodbine* v. *Van Horn,* 29 Cal.2d 95, 109 [173 P.2d 17].)

Accordingly it was held in *Ragin* v. *Zimmerman,* 206 Cal. 723 [276 P. 107], that where the findings of the court erroneously described the injuries suffered by the plaintiff, but the court gave an award in damages in an amount consistent with the evidence and supported thereby, the erroneous finding would be disregarded.

The confusion in the testimony appears to have arisen to a great extent because of long-continued conditions of the plaintiff and there appears therefore some confusion between symptoms which might have been those of an aggravation of existing conditions or which to the contrary may have not been the result of the accident at all. Considering the entire record we find no error therein.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.