[Civ. No. 6627. Fourth Dist. Mar. 14, 1962.]

LEE BAILEY et al., Plaintiffs and Appellants, v. DEPART-MENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Respondents.

Millikan & Montgomery and Charles E. Millikan, Jr. for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Defendants and Respondents.

COUGHLIN, J.—The issues on this appeal arise out of the contentions of the appellants, who were protestants to the granting of an off-sale beer and wine license, that the Department of Alcoholic Beverage Control, which is one of the respondents herein, did not consider two of their grounds of protest and that, for this reason, the order of that department granting such license should be set aside.

The premises for which a license was requested are operated by the respondents Dutton as a delicatessen and gourmet shop; are located on the National Forest highway, in a commercially restricted zone, in the mountain community of Idyllwild; and are in the proximity of other commercial establishments. One of the latter is a privately owned amusement center called Idyllhof, situate about 400 feet from the premises, which consists of a restaurant, bowling alley, billiard parlor, assorted mechanical amusement devices, swimming pool, archery range, minature golf course and dance pavilion. Both children and adults use these facilities. Three campgrounds where religious meetings are held from time to time are located, respectively, 2/10 of a mile, 4/10 of a mile and one mile from the premises.

The appellants, in writing, protested the granting of the license in question. Particular stress is laid upon the grounds thereof that (1) the premises are in the vicinty of a public playground, and (2) are within a mile of campgrounds where meetings for religious worship are held. It is claimed that the Department of Alcoholic Beverage Control did not consider these grounds of protest and that, for this reason, its order granting the license should be set aside and the matter remanded to the department for further consideration. To effect such a result, the appellants brought this proceeding in mandamus. After a hearing, the trial court denied their petition for a writ of mandate, and they have appealed.

The authority to grant or deny a liquor license is vested in the Department of Alcoholic Beverage Control by self-executing provisions of the Constitution which concurrently prescribe a criterion to guide and control the exercise of that authority. (*Vallerga* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 313, 318 [347 P.2d 909]; *Torres* v. *Department of Alcoholic Beverage Control*. 192 Cal.App. 2d 541, 550-551 [13 Cal.Rptr. 531].) This criterion is found in the provisions which confer upon the department

the power, in its discretion, to deny a license if there is "good cause" for concluding that the granting thereof "would be contrary to public welfare or morals." (Cal. Const., art. XX, § 22.) ▮ The discretion thus vested may not be exercised arbitrarily, but must be in accord with law; and the determination must be for "good cause," which requires that it be based upon sufficient evidence. (*Weiss* v. *State Board of Equalization,* 40 Cal.2d 772, 775 [256 P.2d 1]; *Stoumen* v. *Reilly,* 37 Cal.2d 713, 717 [234 P.2d 969]; *Schaub's Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 858, 865 [315 P.2d 459].)

▮ When a decision of the department is subject to judicial review instituted by a petition for a writ of mandate, the authority of the court in the premises is limited to a determination as to whether there is substantial evidence in the record of the proceedings before the department which supports its decision, and whether its action was arbitrary. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 239 [259 P.2d 649]; *Adler* v. *Department of Alcoholic Beverage Control,* 174 Cal.App.2d 256, 258 [344 P.2d 366].) The appellants concede, as they must, that the state of the evidence and their grounds of protest are such that if the department had considered such grounds and thereupon determined that the granting of such license would not be contrary to public welfare or morals, its determination would not have been subject to successful attack by a proceeding in mandamus. The basis for their attack is that the department refused to consider two of their grounds of protest and, for this reason, did not exercise its discretion in accord with law

The department found, among other things, that issuance of the subject license "would not be contrary to public welfare and morals." This was a finding upon the sole, essential, ultimate fact in the proceeding (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 259, 265 [341 P.2d 291]), and constitutes an implied adverse finding upon the specific or evidentiary facts stated by the protestants in their grounds of protest. (*Lewetzow* v. *Sapiro,* 188 Cal.App.2d 841, 845 [11 Cal.Rptr. 126].) However, additional findings of fact upon specific and evidentiary matters also were made from which the appellants conclude that the aforesaid two grounds of protest were not considered. The findings thus relied upon to support this position are: (1) "There are no consideration points within a 600 foot radius from the proposed premises"

and (2) ''Issuance of the license would not be prohibited by Section 304, California Penal Code, . . .''

It is claimed that in finding there were ''no consideration points within a 600 foot radius from the proposed premises'' the department did not consider the ground of protest that the premises were in the vicinity of a public playground, or concluded that the Idyllhof recreation center was not a public playground because it was privately owned, and that the latter concept is contrary to law. Neither of these contentions is supported by the record. The reference to a public playground finds its materiality in section 23789 of the Business and Professions Code which provides that the department may refuse the issuance ''of *on-sale* retail licenses for premises located within at least 600 feet of schools and public playgrounds.'' (Italics added.) The appellants contend that this code section represents an expression of legislative policy which should have been considered in arriving at a determination whether the issuance of the license in question would be contrary to public welfare and morals. It should be noted that any policy reflected in the code section relates only to the issuance of ''on-sale'' licenses as distinguished from ''off-sale'' licenses. On the other hand, the presence of schools or playgrounds in the vicinity of premises seeking either an on-sale or an off-sale license is a factor which, regardless of any legislative expression of policy on the subject, may be considered in determining the ultimate fact as to whether issuance of the license would be contrary to public welfare or morals. (*Schaub's Inc.* v. *Department of Alcoholic Beverage Control, supra,* 153 Cal.App.2d 858, 867; *Torres* v. *Department of Alcoholic Beverage Control, supra,* 192 Cal.App.2d 541, 550-551 [13 Cal.Rptr. 531].) With respect to the recreation center, the department made the following specific finding:

''An establishment known as the '*i*dyllhof' [*sic*] is located approximately 400 feet southeast of the premises; said Idyllhof building contains amusement machines and pool tables, and is frequented by children; the owners of the Idyllhof also operate*s* [*sic*] an archery range, dancing pavilion and swimming pool nearby; said pool is located between the Idyllhof building and the proposed premises; all of these related enterprises are privately owned; although children use said swimming pool, a charge is usually made for the use thereof; none of these enterprises is a children's public playground within the meaning of Section 23789, Alcoholic Beverage Control Act.''

This finding refutes any contention that the location of the subject premises in relation to the Idyllhof enterprises was not taken into consideration. The fact that the department concluded that these enterprises were not "a children's public playground within the meaning of Section 23789, Alcoholic Beverage Control Act" does not establish that the ground of protest with respect thereto was not considered. In substance, appellants claim that because the findings declare that the Idyllhof was not a public playground, the department did not consider the existence of this recreation center at all in making its determination of the ultimate fact, i.e., that granting the license requested would not be contrary to public welfare and morals. This is an inference in which we cannot indulge, as it is the obligation of the courts, founded upon well-established principles, to construe the finding to support rather than defeat the order made. (*Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593]; *Johndrow* v. *Thomas,* 31 Cal.2d 202, 207 [187 P.2d 681]; *Woodbine* v. *Van Horn,* 29 Cal.2d 95, 109 [173 P.2d 17]; *Knapp* v. *City of Newport Beach,* 186 Cal.App.2d 669, 673 [9 Cal.Rptr. 90]; *Arvin-Kern Co.* v. *B. J. Service, Inc.,* 178 Cal.App.2d 783, 792 [3 Cal.Rptr. 238].) Whether the Idyllhof is or is not a public playground within the meaning of section 23789 is of no consequence in this proceeding, for the determinative issue here is whether the granting of the subject license, taking into consideration all of the attendant circumstances, including the existence of the Idyllhof enterprises, would be contrary to public welfare and morals. Upon appeal from a judgment, where the sufficiency of the findings to support the same are attacked and it appears that there is one clear, sustained and sufficient finding upon which the judgment may rest, it will be assumed that the trial court based its judgment on that finding, and uncertain, ambiguous or inconclusive findings on the same subject will be disregarded. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [349 P.2d 289]; *Neel* v. *San Antonio Community Hospital,* 176 Cal.App.2d 233, 237 [1 Cal.Rptr. 313].) This rule governs a proceeding such as that at bar. Nevertheless, appellants direct attention to the specific finding that:

"There are no consideration points within a 600 foot radius from the proposed premises," which they contend affirmatively establishes that in determining whether the issuance of a license to the premises in question would be contrary to public welfare and morals no consideration was given to the

existence or location of the Idyllhof recreation facilities. It is urged that this finding indicates that, in arriving at a decision, no consideration was given to *any* facilities existing within a 600-foot radius and, therefore, no consideration was given to the ground of protest based on the existence of the Idyllhof enterprises, which were within 400 feet of the subject premises. This argument is based on appellants' interpretation of the obviously ambiguous phrase "consideration points." It is equally as reasonable to conclude from the statement in question that there were no "points" within a 600-foot radius to be given "consideration" as a meritorious basis for refusal of a license. In any event, it is apparent that the department did consider the existence of the Idyllhof recreation center; noted its existence in its findings; described its activities in comparative detail; and nevertheless concluded that issuance of a license for the subject premises would not be contrary to public welfare and morals. Under these circumstances, it may not be said that the appellants' ground of protest in the premises was ignored.

The contention that the department erred as a matter of law in concluding that the Idyllhof enterprises did not constitute a public playground because they were privately owned, also is without merit. The evidence fully supports the finding that the enterprises in question did not constitute a playground; there was no playground area in this location for games such as baseball, football, or the like; nor was any playground equipment provided, such as swings, slides or similar devices; and the facilities were used by both adults and children.

In presenting their contention that no consideration was given to their ground of protest that the subject premises were in the vicinity of campgrounds where meetings for religious worship are held, the appellants rely upon a state of the record which may be attributed to an inconsistent or ill-explained position taken by them. The basis for this contention lies in the determination that: "Issuance of the license would not be prohibited by Section 304, California Penal Code." The code section in question provides as follows:

"Every person who erects or keeps a booth, tent, stall, or other contrivance for the purpose of selling or otherwise disposing of any wine, or spirituous, or intoxicating liquors, . . . or who peddles, or hawks about any such drink or article, within one mile of any camp or field meeting for religious worship, during the time of holding such meeting, is punish-

able by fine of not less than five nor more than five hundred dollars.''

It is claimed that the existence of three church camps within a mile of the subject premises was considered only in determining whether issuance of the license was prohibited by the foregoing code section, and was not considered in determining whether issuance of the license would be contrary to public welfare or morals. It would appear that the position of appellants with respect to the relationship between the provisions of section 304 and the facts of the instant proceeding has changed since the matter was presented to the department, or the presentation thereof resulted in a determination covering all facets of such a relationship. On this appeal, appellants state that the provisions of section 304 do not prohibit the issuance of a license for premises located within a mile of a camp used for religious worship. However, in the memorandum of points and authorities attached to their petition for a writ of mandate the following caption appears: ''It is unlawful to issue a license to sell alcoholic beverages within one mile of religious camp meeting grounds.'' It takes but a cursory reading of the statute to determine that this contention is without merit. ▇ Section 304 only prohibits the maintenance of a ''booth, tent, stall, or other contrivance for the purpose of selling . . . intoxicating liquors . . . within one mile of any camp or field meeting for religious worship, *during the time of holding such meeting*,'' and not at any other time, so there is no basis for concluding that the statute precludes the issuance of a license which would authorize the sale within such an area at times not prohibited. (Italics added.) The determination of the department to which objection is made merely disposes of any contention, whether it actually was made by appellants or the hearing officer merely believed it was made by them, that the code section in question prohibits the issuance of the subject license. The conclusion advanced by the appellants, that the determination in question indicates that no consideration was given to evidence showing the presence of the subject camp grounds in passing upon the public welfare and morals issue, is without foundation. Evidence of the existence, location, and activities of the camps in question was offered, received, and appears to be full and complete. It was found specifically that in the Idyllwild area ''there are numerous homes and cabins, as well as camps and schools, the latter of which are chiefly for children.'' ▇ No positive showing to the contrary appearing, we must assume

the department performed its duties in the premises, considered the protests made by the appellants in the light of the evidence, and that its finding on the ultimate fact resolved all of the protests made. (*Moyer* v. *State Board of Equalization*, 140 Cal.App.2d 651, 655 [295 P.2d 583] ; *Cooper* v. *State Board of Health*, 102 Cal.App.2d 926, 931 [229 P.2d 27].)

The department was not required to make findings on evidentiary facts. (*Bloss* v. *Rahilly*, 16 Cal.2d 70, 76 [104 P.2d 1049] ; *Aronson & Co.* v. *Pearson*, 199 Cal. 295, 304 [249 P. 191].) Its determination in the instant case adequately disposed of all issues presented. (*Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 52 Cal.2d 259, 265.)

The decision of the trial court rejecting the application for a writ of mandate was proper.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied April 3, 1962.