[Civ. No. 7160. Fourth Dist. Apr. 25, 1963.]

MARTIN KOSS, Plaintiff and Respondent, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Defendant and Respondent; REV. KENNETH B. MAYES et al., Interveners and Appellants.

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Respondent, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Appellant.

Charles P. Just and Leo K. Gallant for Defendant and Appellant.

Richard J. Evans for Interveners and Appellants.

Alex S. Chernow for Plaintiff and Respondent Koss.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Plaintiff and Respondent Harris.

COUGHLIN, J.—The instant appeals are from judgments directing issuance of writs of mandate in two proceedings, which were consolidated for trial, seeking a review of an order of the Alcoholic Beverage Control Appeals Board, one of the appellants herein, which set aside an order of the Department of Alcoholic Beverage Control, one of the respondents on appeal, granting the transfer of an

on-sale liquor license for use on premises known as the "Mont-Vista Lodge."

Martin Koss, the other respondent on this appeal, filed an application with the Department of Alcoholic Beverage Control to transfer to himself an on-sale general liquor beverage license for a bona fide eating establishment to be located at the "Mont-Vista Lodge," which he recently had purchased and intended to operate. The members of a nearby church, and residents in the vicinity, protested the transfer upon the ground that the subject premises were in the vicinity of a church; also were in a residential area; use of the license would interfere with the quiet enjoyment of the residents of that area; and issuance thereof would be contrary to public welfare or morals. Originally, the application was denied. Thereupon, pursuant to section 24012 of the Business and Professions Code, Koss petitioned for a hearing on the denial. In due course the department conducted a hearing upon the issues presented by the application and the protests thereto; received evidence; made extensive findings upon those issues; overruled the protests; and granted the petition. Thereupon an appeal was taken from this decision to the Alcoholic Beverage Control Appeals Board, which decided that the findings made by the department "are not supported by substantial evidence and that the issuance of the license in question constitutes an abuse of discretion." Following this, the applicant, Koss, and the director of the department, filed the subject petitions, seeking a judicial review of the decision of the appeals board, and asking that it be set aside. The trial court determined that the findings of fact made by the department were supported by substantial evidence, and its decision did not constitute an abuse of discretion; that the action of the appeals board exceeded its jurisdiction; and that writs of mandate should issue directing that board to set aside its decision in the premises, and to enter an order affirming the decision of the department. The protestants, who were interveners in the mandate proceedings, and the appeals board, appeal to this court from judgments entered accordingly.

The issues on appeal, as were the issues before the trial court, are whether the department's findings of fact are supported by substantial evidence and whether the decision based thereon constitutes an abuse of discretion. The limited nature of these issues is resolved by established appli-

cable legal principles which we need not reiterate. (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 55 Cal.2d 867, 871 [13 Cal.Rptr. 513, 362 P.2d 337]; *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 238, 246 [340 P.2d 1]; *Bailey* v. *Department of Alcoholic Beverage Control,* 201 Cal. App.2d 348, 351 [20 Cal.Rptr. 264].)

Among other things, the department found that issuance of the subject license would not be contrary to public welfare or morals. This was a finding upon the sole, essential, ultimate fact in the proceeding (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 259, 265 [341 P.2d 291]); includes a finding of all special facts necessary to sustain it, which are supported by substantial evidence (*Albonico* v. *Madera Irr. Dist.,* 53 Cal.2d 735, 741 [3 Cal. Rptr. 343, 350 P.2d 95]; *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 52 Cal.2d 259, 265; *Fries* v. *Anderson, Clayton & Co.,* 190 Cal.App.2d 667, 681 [12 Cal.Rptr. 336]); and constitutes an adverse finding upon any evidentiary fact in conflict therewith. (*Bailey* v. *Department of Alcoholic Beverage Control,* 201 Cal.App.2d 348, 351 [20 Cal.Rptr. 264]; *Lewetzow* v. *Sapiro,* 188 Cal.App.2d 841, 845 [11 Cal. Rptr. 126].) In addition, the department found that (1) "Although the premises are in the immediate vicinity of a church, issuance of license under the type of operation in question would not create a moral hazard thereto" and, (2) "Although the premises are in a predominantly residential area, normal operation of this type of a licensed premises would not interfere with the quiet enjoyment of their property by the residents of the area."

The appeals board and the interveners contend, in substance, that the decision of the department is not supported by substantial evidence, and constitutes an abuse of discretion, because the evidence shows without conflict that the church was located 200 feet from the licensed premises, where it had been located for approximately 43 years, and its members vigorously protested issuance of the license; also shows without conflict that 147 residents in the area, which is residential in character, protested issuance of the license because of noise factors, traffic problems, and potential danger from inebriated persons operating motor vehicles in the neighborhood; and does not establish any facts which would support a conclusion that issuance of the license would not be contrary to public welfare or morals.

 In determining whether there is substantial evidence in the record of the proceeding before the department in support of its decision, that view of the evidence most favorable to the decision will be accepted by the court reviewing the same. (*Covert* v. *State Board of Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545]; *Torres* v. *Department of Alcoholic Beverage Control,* 192 Cal.App.2d 541, 544-545 [13 Cal. Rptr. 531]; *Adler* v. *Department of Alcoholic Beverage Control,* 174 Cal.App.2d 256, 258 [344 P.2d 366]; *Board of Trustees* v. *Munro,* 163 Cal.App.2d 440, 445 [329 P.2d 765].)

 The licensed premises have been operated as a restaurant since 1945; cover approximately 12 acres, 8 of which are developed; consist of a main building, in which there is a dining room that will accommodate between 400 and 500 people, a gift house, cabins and cottages containing approximately 75 rentable rooms, and facilities for recreational activities such as tennis, shuffleboard, and swimming; is located in a secluded area which is wooded and covered with vegetation; is protected from public view from the highway; and is approximately 3½ miles from the nearest place where alcoholic beverages may be obtained.

The applicant purchased the subject premises in April 1961; has been in the food and beverage business since 1949; owns four restaurants which are licensed to sell alcoholic beverages; proposes to operate the ''Mont-Vista Lodge'' as a family-type resort on the American plan; intends that alcoholic beverages will be served primarily in the dining room and does not intend to use a bar now located therein; also intends to hold dances on Wednesday, Thursday, and Friday nights for the guests of the lodge alone, and on Saturday nights for guests and members of the general public; does not plan on advertising outside of the premises the fact that alcoholic beverages are for sale thereon; and proposes to operate the business in a way that will not adversely affect the church or neighboring residents.

The church is located about 200 feet north of the north property line of the licensed premises and about 300 feet from the entrance thereto; cannot be seen from this entrance; has a membership of 111, of which approximately 51 are adults, 30 between the ages of 10 to 18 years, and 30 of the age of 10 or younger; has an average winter attendance of 60 members and an average summer attendance of 40 members; holds regular services on Sunday mornings, on Sun-

day evenings between 6 and 7 p.m., on Wednesdays, on three Thursdays during the month, on the first and last Tuesdays of each month, and on Friday evening once every six weeks; conducts services for youths only on Sundays and Wednesdays; does not hold services on Saturdays; and does not use its premises for organized recreational activities for youth groups.

The area surrounding the resort within a radius of one-half mile is evenly divided between residential and agricultural uses; a part is occupied by orange groves; another part is undeveloped and mountainous in terrain; directly across the street is a small store and a service station; and to the south is a forestry service fire station.

Some of the residential protestants testified to disturbances on account of noise coming from the resort and to annoyance from its patrons who stole fruit from their trees. However, no alcoholic beverages had been sold on the premises to date and since Mr. Koss purchased the resort there had been no noise emanating therefrom.

■ The mere fact that a church is located near the proposed licensed premises does not require a finding, as a matter of law, that issuance of a license therefor would be contrary to public welfare or morals. (*Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 55 Cal.2d 867, 875, 880; *Bailey* v. *Department of Alcoholic Beverage Control, supra,* 201 Cal.App.2d 348, 352; *Hasselbach* v. *Department of Alcoholic Beverage Control,* 167 Cal.App.2d 662, 665-666 [334 P.2d 1058]; *Board of Trustees* v. *Munro, supra,* 163 Cal.App.2d 440, 446; *Altadena Community Church* v. *State Board of Equalization,* 109 Cal.App.2d 99, 104 [240 P.2d 322].)

■ In determining whether issuance of the license would not be inimical to the general welfare or public morals, the department was entitled to consider the integrity of the applicant as shown by his previous business experience; the kind of business to be conducted on the licensed premises; the probable manner in which it will be conducted; the type of guests who will be its patrons and the probability that their consumption of alcoholic beverages will be moderate; the nature of the protests made, which primarily were directed to previously existing conditions attributed to an unlicensed premises; the fact that similar conditions have not existed since the applicant purchased the premises; the fact that any aggra-

vation of these conditions and the occurrence of other objectionable conditions, such as the presence of intoxicated people upon the highway, assumes the overindulgence of patrons of the licensed premises which the type of management, manner of operation, and kind of patrons indicate was not probable; the times when services are conducted at the church and the unlikelihood of any conflict between its use and any alleged interference rendered by guests from the licensed premises; and the fact that the mere presence of an on-sale premises in a particular locality does not, of itself, establish that issuance of a license therefor would adversely affect the general welfare or morals. ▮ There is substantial evidence in the record which supports implied findings favorable to the applicant with respect to the foregoing factors.

▮ In determining whether facts established by substantial evidence constitute good cause for concluding that issuance of a license will not be contrary to public welfare or morals, the department exercises a discretion adherent to the standard set by reason and reasonable people, bearing in mind that such a standard may permit a difference of opinion upon the same subject. ▮ If the decision reached is without reason under the evidence, the action of the department is arbitrary; constitutes an abuse of discretion; and may be set aside. ▮ Where the decision is the subject of choice within reason, the department is vested with the discretion of making the selection which it deems proper; its action constitutes a valid exercise of that discretion; and the appeals board or the court may not interfere therewith. (*Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 55 Cal.2d 867, 880; *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 52 Cal.2d 238, 248; *Torres* v. *Department of Alcoholic Beverage Control,* 192 Cal.App.2d 541, 545-546 [13 Cal.Rptr. 531]; *Bowman* v. *Alcoholic Beverage etc. Appeals Board,* 171 Cal. App.2d 467, 471 [340 P.2d 652].) Where the determination of the department is one which could have been made by reasonable people, the appeals board or the courts may not substitute a decision contrary thereto, even though such decision is equally or more reasonable in the premises. (*Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 52 Cal.2d 238, 248-249; *Torres* v. *Department of Alcoholic Beverage Control, supra,* 192 Cal.App.2d 541, 545; *Bowman* v. *Alcoholic Beverage etc. Appeals Board, supra,* 171 Cal.App.2d 467, 472.)

In the instant case there is substantial evidence establishing facts which the department was entitled to determine constituted good cause for concluding that issuance of the subject license would not be contrary to public welfare or morals. The decision of the appeals board to the contrary was against law. The judgment of the trial court sustaining the determination of the department and directing the appeals board to modify its decision accordingly was proper.

The judgments are affirmed.

Griffin, P. J., and Brown (G), J., concurred.