SUMMERS, Justice
(dissenting).
In the exercise of a wise discretion, in keeping with the invariable practice of this Court, and acting under the authority of the Act of Congress authorizing the action [1], the Chief Justice granted an order staying the finality of the judgment and decree in this matter. The stay was granted to permit the “parties aggrieved” to apply to the United States Supreme Court *650 for review of the “substantial federal question” involved.
The action was entirely proper. It was discreet to grant the aggrieved parties an opportunity to obtain review of this Court’s judgment striking down the obscenity laws of this state. To do so grants the parties aggrieved the time necessary to prepare and file the necessary application in the United States Supreme Court and obtain consideration of the application.
No one denies that this case involves a “substantial federal question’,’ and the Chief Justice of this Court has routinely granted applications for stay in such cases. We have always considered such a stay in the same light as a right of appeal which is favored in the law. It would seem, also, that the majority which set aside the ninety day stay would have anxiously approved this exercise of discretion by the Chief Justice. Aside from the applicant’s undoubted right to the stay, the ninety day delay could have provided the time needed for the legislature to enact remedial legislation on a subject of such widespread public interest and concern.
I know of no instance in this Court’s practice where the stay has been denied in such a case. To the contrary, under the long-established practice stays have been routinely granted by the Chief Justices in the past when properly applied for as in this case.
The law on the subject is clear. The Act of Congress provides in part:
“(f) If any case in which the final judgment or decree of any Court is subject to review by the Supreme Court on Writ of Certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a Writ of Certiorari from the Supreme Court. The stay may be granted by a judge of the Court rendering the judgment or decree or by a Justice of the Supreme Court. . . . ” 28 U.S.C.A. § 2101(f).
While neither controlling nor fully measuring the Court’s discretion, the following indicates the character of cases which will be considered by the United States Supreme Court on certiorari: “Where a state court has decided a federal question of substance not theretofore determined by this Court (U. S. Supreme Court), or has decided it in a way probably not in accord with applicable decision of this Court (U. S. Supreme Court).” (parentheses added). Rule 19(1) (a), Rules of the Supreme Court of the United States.
Reducing the time to apply to the United States Supreme Court from ninety to thirty days effectively denies the right. It will be impracticable in the brief fifteen days allowed after this turnabout to prepare and file the application in the United States Supreme Court and to also obtain a consideration of and action on the application there. Thirty days is not the “reasonable time” the statute allows under the circumstances of this case. Rule 22(1), Rules of the Supreme Court of the United States.
As I understand, the action of the majority is based upon two theories: First, that the issue involves sensitive First Amendment rights and the ninety day delay will bring about a chilling effect upon those rights; and, second, the stay of finality is not available to the State for the State is not a “party aggrieved” as contemplated by the Act of Congress. Neither of these theories is a proper basis for this Court’s action.
The right to disseminate obscenity in public is not protected by the First Amendment. This Court has never reversed the trial judge’s finding that the film is obscene. Until the court reverses the trial court finding, these defendants should be entitled to act upon the premise that the film is obscene and that First Amendment rights are not involved.
The applicants for the stay were the District Attorney of the First Judicial District Court and the Commissioner of Public Safety of the City of Shreveport acting on *651 behalf of the State and City. Whether considered as representatives of the State, or in their individual official capacities, they are parties aggrieved. I find that the United States Supreme Court has held that the state is a “party aggrieved” by a decree of the United States Civil Service Commission ordering suspension of a member of the State Highway Commission. State of Oklahoma v. U. S. Civil Service Commission, 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1946). This authoritative decision illustrates the accepted usage of the words “party aggrieved” and the recognition by the United States Supreme Court of that meaning. Cf. City of Bessemer v. Eidge, 162 Ala. 201, 50 So. 270 (1909); Pacific Power Co. v. State, 31 Cal.App. 719, 162 P. 641 (1916); Jersey City v. Jersey City Water Supply Co., 90 N.J.Eq. 14, 105 A. 494 (1918); Kentucky State Racing Commission v. Fuller, 481 S.W.2d 298 (Ky.1972); In re Stoian’s Estate, 138 Mont. 384, 357 P.2d 41 (1960); Munro v. Alcoholic Beverage Control Appeals Board, 50 Cal.2d 863, 326 P.2d 506 (1958); Koehn v. State Board of Equalization, 50 Cal.2d 432, 326 P.2d 502 (1958); In re McDonald, 153 A.2d 651 (D.C.Mun.App.1959). The party cast in a litigation is undoubtedly a “party aggrieved” by the adjudication, and the state should not be denied rights granted to other parties aggrieved.
The action of the majority refuses to recognize this modification of the stay order to be an effective denial of the right to review by the United States Supreme Court of a matter of widespread public interest. The action of the majority is a departure from the long-established practice of this Court. It is a refusal of the majority to recognize the obvious and authoritative meaning of “party aggrieved”.
I respectfully dissent.

. 28 U.S.C.A. § 2202.