*38
 
 RATTIGAN, J.
 

 The Department of Alcoholic Beverage Control (hereinafter “Department”), through its director, appeals from a judgment of the trial court denying the Department’s petition for a writ of mandate and discharging an alternative writ of mandate. The writ sought would have directed the Alcoholic Beverage Control Appeals Board (“Board”) to reverse its decision which had, in turn, reversed an administrative decision of the Department. The administrative decision, whose reinstatement the Department seeks in the present proceeding, denied the application of Safeway Stores, Inc. (“Safeway”), for a retail license under the Alcoholic Beverage Control Act.
 

 Safeway originally applied for an off-sale beer and wine license, to be located at one of its stores in the City of Santa Monica. The Santa Monica Unified School District protested issuance of the license upon the ground that the store was located within the immediate vicinity of Roosevelt Elementary School, which is operated by the district. The Department denied the application, whereupon Safeway petitioned in writing for the license. This brought on a hearing upon the petition and upon the school district’s protest. After the hearing, at which several witnesses testified, the hearing officer issued a proposed decision which made several specific findings of fact, sustained the school district’s protest and denied the petition for a license.
 

 The Department adopted the proposed decision and denied Safeway’s petition for reconsideration. Safeway thereupon appealed to the Board, which reversed the Department’s decision. The Board’s decision commented upon the evidence and the Department’s findings, and stated in relevant part that “Based upon our review of the entire record, we are of the opinion that the determination of the department that good cause exists for the denial of the Safeway application is without reason under the evidence adduced, and the action of the department is arbitrary and constitutes a.n abuse of discretion. ’ ’
 

 In the present proceeding, which the Department thereafter commenced against the Board, the trial court made findings of fact which recited the foregoing administrative sequence and quoted the Department’s decision in full. The court then found that issuance of the license to Safeway would not be contrary to public welfare and morals, that it was not the Board’s duty to affirm the Department’s decision, and that the Board’s decision was correct. Among several
 
 *39
 
 conclusions of law which followed, the court stated that the Department had improperly determined that the issuance of the license would be contrary to public welfare and morals, and that the Board had, as a matter of law, correctly decided the issue presented. Judgment was entered accordingly, and this appeal follows.
 

 The appeal requires a third appellate review of the Department’s original decision denying the license. The Department reached its decision in the exercise of its “power, in its discretion, to deny . . . any specific alcoholic beverages license if it shall determine for good cause that the granting ... of such license would be contrary to public welfare or morals ...” (Cal.Const., art. XX, § 22.) Under the same constitutional provision, to the extent here pertinent, the Board’s review of the Department’s decision was limited in scope “to . . . Whether the [Department’s] findings are supported by substantial evidence in the light of the whole record.”
 
 (Ibid.;
 
 Bus. & Prof. Code, § 23084.)
 

 In the quoted limitation upon the scope of the Board’s appellate function, the phrase “substantial evidence in the light of the whole record” means that the substantial evidence rule, “as generally applied in judicial proceedings in this state,” governed the Board in its review of the Department’s decision.
 
 (Martin
 
 v.
 
 Alcoholic Beverage etc. Appeals Board
 
 (1959) 52 Cal.2d 238, 246-247 [340 P.2d 1].) The same limitation, and the same rule, applied in the trial court’s review of the Board’s decision, and both apply at the level of appellate review now reached in this court. Our function, as was that of the Board and of the court below, is to determine whether the findings of the Department are supported by substantial evidence.
 
 (Harris
 
 v.
 
 Alcoholic Beverage Control Appeals Board,
 
 (1963) 212 Cal.App.2d 106, 113 [28 Cal.Rptr. 74];
 
 Martin
 
 v.
 
 Alcoholic Beverage etc. Appeals Board, supra,
 
 52 Cal.2d 238 at p. 245.)
 

 The Department’s decision concludes with the determination that ‘ ‘ The proposed premises is located within the immediate vicinity of a school
 
 and
 
 issuance of the license would be contrary to public welfare and morals.” (Italics added.) The conjunctive sentence actually makes two separate findings. The first, that the Safeway store is near Roosevelt Elementary School, reflects the following evidence, which is both substantial and undisputed;
 

 Roosevelt Elementary School occupies an entire block on the west side of Montana Avenue, between Lincoln Boulevard
 
 *40
 
 on the south and Ninth Street on the north. The school building—which is actually several interconnected structures— is set back approximately 100 feet from the west curb of Montana Avenue. In the northerly portion of the block, a fenced playground lies between the building and the Montana Avenue sidewalk. A walkway runs from the same sidewalk to the school building’s main entrance, which faces Montana Avenue near the middle of the block. There is also a south entrance to the building from Lincoln Boulevard and a north entrance on the Ninth Street side.
 

 The Safeway store is on the east side of Montana Avenue, between the approximate midpoint of the block and Ninth Street on the north. Its Montana Avenue side, a solid facade without entrances, is directly across the street from the fenced playground on the Boosevelt Elementary School property. The store has no customer entrances on Ninth Street or on Montana Avenue itself; the only customer entrances are two sets of doors on the south side of the store, opening to and from an automobile parking lot south of the store building. These doors are both visible and accessible from the Montana Avenue sidewalk in front of the store, but no entrance directly faces the school property across the street.
 

 Montana Avenue is a well-traveled street, 60 feet wide between curbs and 80 feet wide including both sidewalks. The Safeway Store building is 172% feet from the nearest point of the school building, and 115 feet from the playground fence directly opposite the store. These are “airline” distances spanning the street at the middle of the block, where pedestrians do not cross. Measured in “lawful pedestrian feet” via the pedestrian crossings at Lincoln Avenue and at Ninth Street, respectively, the store entrance is 400 feet from the main school entrance and 403 feet from the school’s north entrance on Ninth Street. Most of the Boosevelt Elementary School children cross Montana Avenue at the Lincoln Boulevard corner and not at Ninth Street, because the school maintains a crossing guard at Lincoln.
 

 Except for the school property itself, both sides of Montana Avenue are in exclusively commercial use for several blocks to the north and south. The school has been at its present location for 30 years. The Safeway store is new, having opened just before the application for license was filed. For several years previously, however, Safeway had operated a supermarket, with an off-sale beer and wine license, slightly less than two blocks from the new location
 
 *41
 
 and 754 feet from the nearest entrance of Boosevelt Elementary School.
 

 When the Safeway application was filed, alcoholic beverages were sold at three other locations within 900 feet of the school. At one, a liquor store operated with an on-sale general license 813 feet away. At another, 620 feet away, a market (not a Safeway store) held an off-sale beer and wine license. The license at the third location, a restaurant 557 feet from the school entrance, was not described in the testimony, but it permitted the sale of wine with meals.
 

 In a kindergarten and grades 1 through 6, inclusive, Boosevelt Elementary School enrolls 628 children ranging in age from 5 to 12% years. The school attendance hours are between 8 :45 a.m. and 3 p.m. However, the playgrounds on the school property—including a playground behind the buildings and the fenced playground directly across the street from the Safeway store—are used by neighborhood children when school is not in session. The Safeway store, a large supermarket, is open for business from 9 a.m. to 9 p.m. on Monday through Saturday and from 9 a.m. to 7 p.m. on Sunday.
 

 Thus, as found by the Department, the Safeway store is unmistakably “located within the immediate vicinity” of Boosevelt Elementary School. But this finding is not decisive: “mere proximity” of the proposed premises to a school or church is not, as a matter of law, the “good cause” which will constitutionally sustain denial of a license. The Legislature has authorized denial of an on-sale (not an off-sale) license within 600 feet of a school (Bus. & Prof. Code, § 23789), but its authorization could not and does not impair the constitutional requirement that good cause for denial be shown by substantial evidence.
 
 (Martin
 
 v.
 
 Alcoholic Beverage etc. Appeals Board
 
 (1961) 55 Cal.2d 867, 875 [13 Cal.Rptr. 513, 362 P.2d 337].)
 

 The second of the Department’s two final findings—that issuance of the license to Safeway would contravene public welfare and morals—is upon the sole, essential, ultimate fact in the proceeding.
 
 (Martin
 
 v.
 
 Alcoholic Beverage etc. Appeals Board,
 
 52 Cal.2d 259 at p. 265 [341 P.2d 291] ;
 
 Bailey
 
 v.
 
 Department of Alcoholic Beverage Control
 
 (1962) 201 Cal.App.2d 348, 351 [20 Cal.Rptr. 264].) It is this determination which alone can underlie the Department’s denial of a license (Cal. Const., art. XX, § 22), and it is this determination which must be supported by substantial evidence.
 
 (Weiss
 
 v.
 
 State Board of Equalization
 
 (1953) 40 Cal.2d 772, 775
 
 *42
 
 [256 P.2d 1];
 
 Bailey
 
 v.
 
 Department of Alcoholic Beverage Control, supra,
 
 201 Cal.App.2d 348 at pp. 350-351.) In this regard, one of the enumerated findings in the Department’s decision states as follows:
 

 “8. Protestant objects to the issuance of the license because the proximity of the proposed premises is not conducive to, nor compatible with, the school’s legally-imposed function of instructing children as to the nature and effect of alcohol (Section 7852 of the Education Code) and the evil effects of alcohol (Section 9309 of the Education
 
 Code);
 
 also, because some of the school children pass by, as well as frequent, the proposed premises at the present time. Further the school has problems with persons consuming alcoholic beverages near the school, especially when said persons litter the school grounds with discarded liquor containers. The sale of alcoholic beverages, across the street from the school, would attract more of said persons into the immediate area and people who publicly imbibe liquor are not desired in the vicinity of the school, especially during those times when the aforementioned play areas are unsupervised. ’ ’
 

 The quoted finding (No. 8) reflects all of the evidence in support of the Department’s determination that issuance of the license to Safeway would contravene public welfare and morals. We hold that none of it is of sufficient substance to sustain the constitutional requirement that the Department find ‘1 good cause” for the denial of a license. Consequently, the judgment of the lower court must be affirmed.
 

 The first specification of Finding No. 8 is written as a recital of the protesting school district’s contentions in opposition to the license. Read as a finding of fact—i.e., stripped of the prefatory language 1 ‘ Protestant objects . . .”—it relates to the statutory responsibility of the Roosevelt Elementary School personnel to instruct the school pupils concerning the nature and effects of alcohol. The school district cited the applicable statute in opposing the license,
 
 [1]
 
 but neither
 
 *43
 
 it nor the Department produced any proof in this regard. While it may be granted that the sale of alcoholic beverages near a school is not “compatible” with the educational policy of this state, as enunciated by the Legislature on the subject of alcohol, the same is true of the sale or consumption of alcoholic beverages at any location. The point is that the existence of the statute is not in itself substantial evidence that the sale of beer and wine across Montana Avenue from Roosevelt Elementary School would contravene public welfare and morals.
 

 Finding No. 8 next specifies that “some of the school children pass by, as well as frequent, the proposed premises at the present time. ’ ’ According to the actual evidence, some Roosevelt Elementary School children both pass and visit the Safeway store while walking to and from school. One witness testified that Safeway attracts the children’s trade by operating candy and toy vending machines near the store entrances, and by selling candy, ice cream and children's magazines in open displays near the doors. From among several counts taken of school children near the store, the highest figures reported were for two separate afternoons. On one afternoon, 129 children crossed Montana Avenue, from the school side, at Lincoln Boulevard. Of these, 43 walked past the store and 17 entered. On the second afternoon, 178 crossed and 58 passed the store, but only 10 entered.
 

 According to other evidence, Safeway does not advertise beer or wine on the exterior of its stores. The firm wishes to sell beer and wine for its customers’ one-stop shopping convenience, as it did at its former location at Seventh Street and Montana Avenue. Its personnel are aware of the requirements of state laws prohibiting the sale of beer or wine to minors, and they are required to abide by such laws. At the former nearby location, Safeway did not experience any infractions of law by reason of minors buying beer and wine. Although it is possible that a child could take beer or wine from a store shelf, he could not remove it from the store without undergoing surveillance at a cashier’s stand. Safeway personnel attempt to avoid stealing by anyone, and the firm has had no problem at other locations with children stealing beer or wine. None of the Roosevelt Elementary School pupils appear to be old enough to purchase beer or wine within the law.
 

 The finding that the Roosevelt Elementary School children “frequent” the Safeway store perhaps overstates the fact
 
 *44
 
 that as many as 17 of them have visited the premises on a given afternoon. In any event, we are unable to conclude that such frequency constitutes substantial evidence that issuance of the license to Safeway would be contrary to public welfare and morals.
 

 In Finding No. 8, the Department also found that Roosevelt Elementary School had a present problem with persons consuming alcoholic beverages nearby, and a prospective problem in that the license applied for by Safeway would attract “more of said persons” to the area, where “persons who publicly imbibe liquor” are not desired. In this regard, the school principal testified that, on some mornings, the school grounds were littered with “empty liquor bottles, beer cans and wine bottles.” The incidence and scope of the litter problem was not shown. Viewed against the undisputed background of a busy commercial neighborhood, within 900 feet of at least two other locations selling alcoholic beverages under off-sale licenses, the evidence of litter does not support the quoted findings concerning the school’s “problems” with undesirable persons. Manifestly, none of the litter was attributable to the new Safeway store, where no alcoholic beverages were sold before or during the administrative proceeding.
 
 [2]
 

 The school district’s witnesses, with commendable sincerity and dedication, cited the dangers which they conceived to be associated with issuance of an off-sale beer and wine license at the Safeway store: e.g., the possibility of persons drinking alcoholic beverages in parked cars, of motorists using the nearby streets while under the influence of liquor, and so on. But no eyewitness testimony or other factual evidence, and no expert testimony, was adduced. The witnesses’ opinions were, thus, speculative and conjectural at best: and such proof is not substantial evidence.
 
 (San Bernardino Valley Water Dev. Co.
 
 v.
 
 San Bernardino Valley Municipal Water Dist.
 
 (1965) 236 Cal.App.2d 238, 257 [45 Cal.Rptr. 793];
 
 Estate of Bishop
 
 (1962) 209 Cal.App.2d 48, 53-54 [25 Cal.Rptr. 763].)
 

 In support of its decision adverse to Safeway, the Depart
 
 *45
 
 ment relies principally upon two decisions where an off-sale beer and wine license was denied to premises near a school.
 
 (Weiss
 
 v.
 
 State Board of Equalization, supra,
 
 40 Cal.2d 772;
 
 Reimel
 
 v.
 
 Alcoholic Beverage Control Appeals Board
 
 (1967) 250 Cal.App.2d 673 [58 Cal.Rptr. 788].) Each of the cited cases is distinguishable on its facts.
 

 In the
 
 Weiss
 
 case, the court summarized its decision by stating (40 Cal.2d 772 at pp. 775-776): “We cannot say, . . . that it was unreasonable for the board to decide that public welfare and morals would be jeopardized by the granting of an off-sale license at premises within 80 feet of some of the buildings on a school ground. ” But the
 
 Weiss
 
 evidence clearly showed that the proposed premises were 80 feet from a school building directly across a street at a corner (i.e., by “lawful pedestrian feet” as well as by airline distance), while the distances from other licensed premises nearby did not appear. The neighborhood in question was partly residential. Finally, and in vital contrast to Roosevelt Elementary School, the nearby school in the
 
 Weiss
 
 case was a high school. Within the range of administrative discretion, the prospective problems involved with a beer and wine license 80 feet from a high school building are conceivably more detrimental to public welfare and morals than with a 115-foot—or 400-foot —distance between the license and a school where no child is more than 12% years old.
 

 The 1967
 
 Reimel
 
 case
 
 (Reimel
 
 v.
 
 Alcoholic Beverage Control Appeals Board, supra,
 
 250 Cal.App.2d 673) is also distinguishable. There, the neighborhood of the school was wholly residential except for the premises for which an off-sale beer and wine license was sought. The business proposed to be operated on the premises involved the sale of take-out food and alcoholic beverages for consumption off the premises. The court expressly noted (250 Cal.App.2d 673 at p. 678) the consequent likelihood that alcoholic beverages would be consumed near the premises and within 200 feet of the school. No such factor appears in the present case.
 

 In
 
 Martin
 
 v.
 
 Alcoholic Beverage etc. Appeals Board, supra,
 
 55 Cal.2d 867, the Supreme Court reviewed (pp. 876-880) the disparate results in several cases involving alcoholic beverage license applications near a church or school. The court concluded its review by stating (p. 880) : ‘1 It thus appears that the cases are not altogether consistent. Each case seems to have turned upon its own facts but, as already noted, in most of the eases the evidence was consid
 
 *46
 
 erably more extensive and detailed than in the ease now before us, and the determining factor in upholding original decisions by the department (or by its predecessor Board of Equalization) was whether there was substantial evidence on which reasonable minds might differ as to whether the denying or granting of the license would or would not be contrary to public welfare and morals.” The same factor determines the present ease. We find no substantial evidence that the granting of the license applied for would be contrary to public welfare and morals. Since, on the record before us, reasonable minds cannot differ on this point, the decision of the Department cannot be sustained.
 

 The judgment is affirmed.
 

 Christian, J., and Salsman, J.,
 
 *
 
 concurred.
 

 . A petition for a rehearing was denied November 8, 1967, and appellant’s petition for a hearing by the Supreme Court was denied December 7, 1967. Peters, J., Burke, J., and Sullivan, J., were of the opinion that the petition should be granted.
 

 [1]
 

 The school principal testified that sections 7852 and 9309 of the Education Code “require the teaching in the elementary schools of the evil effects of alcohol.’’ The Department’s decision cites both statutes as defining “the school’s legally-imposed function of instructing children as to the nature and effect of alcohol (§ 7852 . . .) and the evil effects of alcohol (§ 9309 We note in passing that section 7852 requires the schools to instruct upon “the nature of alcohol and narcotics and their effects upon the human system as determined by science. ’ ’ Section 9309, which mentions the “evil effects’’ of alcohol, is addressed to an administrative function of the State Board of Education in the preparation of textbooks and teachers’ manuals, and imposes no duties upon schools or teachers as such.
 

 [2]
 

 The school principal, describing the litter, did not attribute it to Safeway’s former license 754 feet from the school nor to the other off-sale beer and wine license somewhat closer. Until the hearing, she had not known of either license. It may also be noted that the evidence shows no connection between either of these licenses, or the beer and wine licenses applied for, and the Department’s references to “liquor” and “liquor containers ” in its findings.
 

 *
 

 Assigned by the Chairman of the Judicial Council.