[Civ. No. 27572. First Dist., Three. Apr. 30, 1970.]

EDWARD J. KIRBY, as Director, etc., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent;
DAN KANE, INC., Real Party in Interest.

## Counsel

Thomas C. Lynch, Attorney General, and L. Stephen Porter, Deputy Attorney General, for Petitioner.

Leo K. Gallant for Respondent.

Cartwright, Saroyan, Martin & Sucherman and Lowell H. Sucherman for Real Party in Interest.

## OPINION

**DRAPER, P. J.**—By this writ of review, the Department of Alcoholic Beverage Control seeks annulment of the order of the A. B. C. Appeals Board reversing a disciplinary decision of the department.

Dan Kane, Inc. holds an on-sale liquor license under which it operates the Tally Ho in San Francisco. Mr. Kane, president and sole stockholder of the corporate licensee, devoted the evening of July 5, 1967 to increasing the business of other bars. His pilgrimage ended in a fracas at the Transaction. A disciplinary proceeding ensued. At the department hearing, there was evidence that Kane was intoxicated, loud, boisterous and physically belligerent to other customers at the Transaction. Two special investigators of the department identified themselves, showed their badges, and told Kane they wanted to talk to him. He profanely announced his disregard for the A.B.C. and wrestled one of the agents to the floor. As the two agents sought to subdue him, he kicked both. When he was handcuffed and being removed by police, he again kicked one of the investigators.

The department ordered revocation of the license, but stayed the revocation for two years, the stay being conditioned upon a 30-day suspension and becoming permanent after two years if Kane has not interfered with peace officers or been convicted of "excessive use of intoxicants" during the probationary period.

Upon the supposed authority of a recent decision (*H. D. Wallace & Associates, Inc.* v. *Department of Alcoholic Beverage Control,* 271 Cal.App.2d 589 [76 Cal.Rptr. 749]) the appeals board reversed.

This case does resemble *Wallace* in that there is no claim of violation of "any law prohibiting conduct involving moral turpitude" (Cal. Const., art. XX, § 22). ■ In such a situation, the cited case holds that disciplinary action is permitted only for offenses "having a rational relationship with the operation of the licensed business in a manner consistent with public welfare and morals." (P. 593.) The board oversimplifies in construing the rule to deny disciplinary authority unless the act occurs upon, or in direct connection with the operation of, the licensed premises. ■ The evidence accepted by the department here shows a flagrant flouting of the regulatory authority by physical assaults upon department representatives acting

in the scope of their employment and so recognized by the licensee. Those assaults, although not upon the premises of the disciplined licensee, were upon other licensed premises under department jurisdiction. The department finding necessarily implies the required "rational relationship."

■ Neither the appeals board (Bus. & Prof. Code, § 23084; *Reimel* v. *Alcoholic Bev. etc. App. Bd.*, 255 Cal.App.2d 40, 43 [62 Cal.Rptr. 778]), nor we (Bus. & Prof. Code, § 23090.2) may reweigh the evidence.

We find no basis in *Wallace* for holding that, as a matter of law, this incident can have no "rational relation" to the operation of the Tally Ho by Kane. Rather, it suggests, even to the most detached or skeptical, a "reasonably close potential" (271 Cal.App.2d at p. 593) for disregard of regulatory authority in the operation of the licensed premises. Thus it is readily distinguishable from the conduct considered in *Wallace*.

■ One condition of probation is, however, improper. It provides for revocation upon Kane's conviction of "any charges of excessive use of intoxicants." This condition is too broad. Under *Wallace*, a mere conviction of intoxication, absent some circumstances showing a rational relation to licensee's own operation, cannot affect the license. It would seem that elimination of this provision, rather than attempted elaboration of it, would best meet the restrictions of *Wallace*.

The order of the appeals board is annulled. The order of the department is reversed and the proceeding is remanded to the department for fixing of penalty in terms consistent with this opinion.

Brown (H. C.), J., and Caldecott, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 24, 1970.