[Civ. No. 49096. Second Dist., Div. One. Dec. 27, 1976.]

MARKSTEIN DISTRIBUTING COMPANY, Petitioner, v.
BAXTER RICE, as Director, etc., et al., Respondents.

**COUNSEL**

Knox, Ricksen, Snook, Anthony & Robbins and Robert G. Allen for Petitioner.

Evelle J. Younger, Attorney General, and Martin H. Milas, Deputy Attorney General, for Respondents.

## OPINION

**THOMPSON, J.**—This proceeding arises on writ of review directed to a proceeding of the Alcoholic Beverage Control Board (Board) which: (1) affirmed a decision of the Department of Alcoholic Beverage Control (Department) finding Markstein Distributing Co. to be in violation of Business and Professions Code section 24200, subdivision (a)[1] and rule 106, subdivision (b), of title 4 of the California Administrative Code; (2) reversed a decision of the Department finding Markstein in violation of Business and Professions Code section 25600; and (3) approved a penalty of 10-day suspension for the violation which it affirms.

Specifically, the matter at bench concerns the legality of the practice of "ribbonizing," i.e., action by a wholesaler of beer rearranging displays of its own product and that of its competitors upon the self-service shelves of retailers with the consent of the retailer. It concerns, also, the propriety of the exclusion of evidence offered by Markstein to establish that the practice of "ribbonizing" is widespread in the industry and that it employed the practice to meet competition.

■ We conclude that the practice of "ribbonizing" violates rule 106, subdivision (b), of title 4, California Administrative Code. ■ We conclude also, however, that the excluded evidence is relevant to the determination of penalty. Accordingly, we remand the matter to the Board so that the excluded evidence may be received, further proceedings held on the matter of penalty, and the penalty redetermined.

On March 26, 1974, agents of the Department of Alcoholic Beverage Control saw representatives of Markstein rearranging bottles of beer at a Ralphs Market, an off-sale licensee retailer. Bottles of beer distributed by Markstein and sold by it to Ralphs were being placed upon Ralphs' shelves as were brands distributed by other wholesalers. In the process of rearrangement, shelves were wiped clean and labels replaced upon them. The procedure was conducted with the consent of Ralphs which had approved a shelf arrangement diagram prepared by Markstein.

The Department filed its accusation against Markstein, charging it in count I with a violation of "Section 25503.2" by stacking and arranging brands of alcoholic beverages other than its own, and in count II with

---

[1]Subdivision (a) of section 24200 permits discipline against a liquor licensee where "the continuance of a license would be contrary to public welfare or morals . . . ."

giving a "gift of free goods to-wit: services . . . in connection with the sale of alcoholic beverages." Markstein filed a notice of defense with the Department denying the accusation and requesting a hearing.

Evidence at the hearing disclosed Markstein's ribbonizing of the shelves at Ralphs. Nineteen declarations of Markstein customers to the effect that competitors of Markstein had engaged in "ribbonizing" in their stores were excluded from evidence when offered by Markstein. The Department's evidence showed that its own witness had not been aware that "ribbonizing" was prohibited. The hearing officer found the accusation untrue and dismissed the charges. On June 14, 1975, the Department rejected the hearing officer's recommendation. It found that the allegations of both counts of the accusation were true and imposed a penalty of 10 days suspension on each count, the suspensions to run concurrently.

Markstein filed its notice of appeal with Board challenging the findings and conclusions of the Department. Board concluded that Markstein's ribbonizing activity violated Business and Professions Code section 25503.2 and rule 106, subdivision (b) of title 4 of the California Administrative Code. It rejected Markstein's contention that the hearing officer had improperly excluded evidence in the form of the 19 declarations. Finally, the Board concluded that the record does not support a finding of a violation of Business and Professions Code section 25600 as alleged in the accusation. It reversed the Department's determination of a violation of section 25600, otherwise affirmed the determination, and approved the penalty imposed. Markstein challenged the Board's ruling in this petition for writ of review. Department has not sought review of the portion of Board's decision adverse to it.

Markstein contends: (1) The practice of "ribbonizing" in which it engaged does not violate Business and Professions Code section 25503.2 or rule 106, subdivision (b) of title 4, California Administrative Code; (2) rule 106, subdivision (b), is invalid as contrary to statute; (3) the hearing officer improperly and prejudicially excluded relevant evidence; and (4) Department's enforcement of any prohibition against "ribbonizing" in the case of Markstein constitutes discriminatory enforcement.

### Rule 106, subdivision (b)

The California Legislature has enacted a comprehensive statutory scheme restricting "tied house" arrangements in the distribution of

alcoholic beverages. (Bus. & Prof. Code, §§ 25500-25510.) Manufacturers of alcoholic beverages, winegrowers, manufacturers' agents, rectifiers, distillers, bottlers, importers, and wholesalers are precluded from owning interests in, loaning funds to, or "furnishing" anything of value to on-sale or off-sale licensees. (*Id.,* §§ 25500, 25502.) Manufacturers, bottlers, importers, and wholesalers are prohibited from equipping on-sale premises. (*Id.,* § 25501.) Sales and promotional practices are severely restricted. (*Id.,* §§ 25503, 25503.1.)

■ "By enacting prohibitions against 'tied-house' arrangements, [the Legislature] aimed to prevent two particular dangers: the ability and potentiality of large firms to dominate local markets through vertical and horizontal integration [citation] and the excessive sales of alcoholic beverages produced by the overly aggressive marketing techniques of larger alcoholic beverage concerns [citations]." (*California Beer Wholesalers Assn., Inc.* v. *Alcoholic Bev. etc. Appeals Bd.* (1971) 5 Cal.3d 402, 407 [96 Cal.Rptr. 297, 487 P.2d 745].)

The statutory scheme includes exceptions to its broad prohibitions. Pertinent to the case at bench is Business and Professions Code section 25503.2 which states: "Anything in this division to the contrary notwithstanding, any . . . wholesaler . . . may perform any of the following services for off-sale retail licensees at or on the premises of the off-sale retail licensee with such retail licensee's permission: . . . [¶] (b) Rotate the brand or brands he owns or sells on shelves and in refrigerated boxes, and rearrange bottles or packages of such brand or brands by moving such bottles or packages horizontally or vertically from shelf to shelf in the space and shelves allocated to such brand or brands . . . ."

The California Constitution vests enforcement of the statutory scheme in the Department of Alcoholic Beverage Control. (Cal. Const., art. XX, § 22.) The Department "may adopt such rules pertaining to appeals and other matters within its jurisdiction as may be required." (Bus. & Prof. Code, § 23077.) Pursuant to its rule-making authority, the Department adopted rule 106, title 4, California Administrative Code. Captioned "Advertising at Retail Premises," rule 106 states, in subdivision (b): "It is a violation of this rule for any supplier [including a wholesaler of alcoholic beverages] to furnish, give, rent or sell any equipment, fixtures, displays, signs, supplies, decorations, promotional materials, money, services or other things of value to any retailer . . . except as provided in this rule or in the Alcoholic Beverage Control Act . . . ."

Here Markstein, a wholesaler of beer, furnished services in the form of "ribbonizing" to a retailer, off-sale licensee. "Ribbonizing," in the sense it includes rearrangement of competitors' displays of beer, is not permitted by rule 106 or by the Alcoholic Beverage Control Act. To the contrary, section 25503.2 of the act limits the wholesaler's activity to rearrangement of its own brands upon the retailer's shelves or in its refrigerated boxes. The facts before the Board thus establish Markstein's violation of rule 106 if it is read to mean what it says.

Markstein argues, however, that rule 106 must be construed as applying only to the wholesaler's activity with respect to advertising at retail premises and that, in any event, the rule is invalid as in excess of the power of the Department if construed to prohibit "ribbonizing."

While preceded by the caption "Advertising at Retail Premises," rule 106 covers both the subject of advertising and display of merchandise. (See subd. (e).) ▮ As a minimum, the rule must be construed to prohibit the wholesaler's furnishing nonpermitted services related to displays. "Ribbonizing" by the wholesaler is such a service to the extent it exceeds activity permitted by section 25503.2.

▮ Rule 106, subdivision (b) represents an authorized exercise of the rule-making power of the Department when applied as it is here. Business and Professions Code section 25502 states: "No . . . wholesaler . . . shall, except as authorized by this division: . . . [¶] (b) Furnish, give, or lend any money or other thing of value . . . to . . . any person engaged in operating . . . any off-sale general licensed premises." Rule 106 is consistent with section 25502, subdivision (b), and does no more than explain the statute's scope. The rule represents a specific regulation designed to prohibit a practice which the Department could reasonably have concluded should be proscribed in order to inhibit the "overly aggressive marketing techniques" to which the statutory prohibition on "tied-house" sales is directed. (See *California Beer Wholesalers Assn., Inc.* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 5 Cal.3d 402, 407.)

### Discriminatory Enforcement

▮ Pointing to the fact that Department's investigator who testified at the hearing had investigated only three cases of ribbonizing in over four years, and claiming that the evidence establishes that the practice is widespread, Markstein contends that it is the victim of discriminatory

enforcement. The record does not compel that conclusion. There is no direct showing that agents of Department were aware of any widespread use of "ribbonizing" by Markstein's competitors. While conceivably the Board may have drawn an inference of discriminatory enforcement from the evidence, it was not compelled to do so. (*Reimel* v. *Alcoholic Bev. etc. App. Bd.* (1967) 250 Cal.App.2d 673, 680 [58 Cal.Rptr. 788].)

### Exclusion of Evidence—Penalty

■ At the hearing, Markstein offered evidence tending to establish that its competitors widely practiced "ribbonizing" so that it was required to meet the competition by also engaging in it. The evidence was excluded as irrelevant.

Department and Board erred in excluding the evidence. The declarations offered by Markstein were relevant as bearing on the issue of penalty. If in fact Markstein's position is correct, the 10-day suspension may well be counter to the purpose of the proscription on "tied house" transactions. By removing Markstein from the market while allowing its competitors to continue to sell to Markstein customers, the suspension enhances "the ability and potentiality of [the competitors] to dominate local markets." (See *California Beer Wholesalers Assn., Inc.* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 5 Cal.3d 402, 407.) The Department and Board, viewing the declarations of widespread "ribbonizing" in light of the testimony of Department's own witness denying knowledge that the practice was prohibited and lack of a specific regulation against the practice, could reasonably conclude that a probationary penalty not involving an actual suspension is appropriate.

### Disposition

We thus conclude that while the record supports the Board's determination that grounds exist for the discipline of Markstein, the penalty imposed must be reconsidered in light of the improperly excluded evidence. The matter is remanded to the Board with direction to further remand the case at bench to the Department pursuant to Business and Professions Code section 23085 for reconsideration in light of the excluded evidence.

Wood, P. J., and Lillie, J., concurred.